IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY<br>One Bala Plaza - Suite 100<br>Bala Cynwyd, PA  19004<br>*Plaintiff*<br><br>v.<br><br>STAR CAREER ACADEMY<br>175 Cross Keys Road<br>Berlin, New Jersey 08009<br><br>and<br><br>SC ACADEMY HOLDINGS, INC.<br>20 William Street<br>Wellesley, Massachusetts 02481<br><br>and<br><br>SC ACADEMY, INC.<br>20 William Street<br>Wellesley, Massachusetts 02481<br><br>and<br><br>SHIRLEY POLANCO<br>116 Putnam Street<br>Paterson, New Jersey 07524<br>*Defendants* | CIVIL ACTION<br><br><br><br><br><br><br><br>FIRST AMENDED DECLARATORY<br>JUDGMENT COMPLAINT<br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO.: 1:14-CV-03161-NLH-AMD |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, Philadelphia Indemnity Insurance Company (PIIC) hereby files this First Amended Complaint for declaratory relief and in support thereof avers as follows:

**I.    JURISDICTION AND VENUE**

1.    This Court has diversity of citizenship jurisdiction over this matter under 28 U.S. § 1332 because PIIC and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00 (excluding interest and costs).

2. Venue is proper in this District under 28 U.S. § 1391 because the Defendants are residents of this District and the underlying incidents occurred in this District.

## II. PARTIES

3. Plaintiff, PIIC, is a Pennsylvania corporation that maintains its principal place of business at One Bala Plaza, Bala Cynwyd, Pennsylvania.

4. Defendant, Star Career Academy, is a fictitious/trade name for the Culinary Academy of New York, Inc. d/b/a Star Career Academy. The Culinary Academy of New York, Inc. is a corporation incorporated under the laws of Delaware that maintains its principal place of business at 175 Cross Keys Road, Berlin, New Jersey.

5. Defendant, SC Academy Holdings, Inc. is a corporation incorporated under the laws of Delaware that maintains its principal place of business at 20 William Street, Wellesley, Massachusetts.

6. SC Academy, Inc. is a corporation incorporated under the laws of Delaware that maintains its principal place of business at 20 William Street, Wellesley, Massachusetts.

7. Defendant, Shirley Polanco (Polanco), is a citizen of the State of New Jersey residing at 116 Putnam Street, Paterson, New Jersey.

## I. UNDERLYING COMPLAINT

8. On or about December 6, 2013, Polanco filed a First Amended Class Action Complaint in the Superior Court, Camden County, Docket No.: L-415-13 against Star Career Academy, SC Academy Holdings, Inc. and SC Academy, Inc. A true and accurate copy of the First Amended Complaint is attached hereto as Exhibit "A." ("Underlying Complaint")

9. In the Underlying Complaint, Polanco alleges that she enrolled in Star Career Academy's surgical technology program in July of 2011 and completed classes in the program in August of 2012.

10. In the Underlying Complaint, Polanco alleges that effective December 20, 2011, New Jersey enacted the New Jersey Surgical Technologist Law (N.J.S.A. 26:2H-12.63), which imposed various requirements on those who intended to work as surgical technologists in New Jersey.

11. The New Jersey Surgical Technologist Law requires that persons wishing to practice as surgical technologists in New Jersey meet one of the following requirements:

    a. have successfully completed a nationally or regionally accredited education program for surgical technologists;

    b. holds and maintains a certified technologist credential administered by the National Board of Surgical Technology and Surgical Assisting or its successor or other nationally recognized credentialing organization;

    c. have completed an appropriate training program for surgical technology in the Army, Navy, Air Force, Marine Corp, or Coast Guard of the United States or in the United States Public Health Service Commissioned Corps;

    d. be employed as a surgical technologist in a healthcare facility as of December 20, 2011; or

    e. be in the service of the Federal Government to the extent that the individual is performing surgical technology duties related to that service.

12. In her sole cause of action, Polanco alleges that Star Career Academy violated the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1(d).

13. In the Underlying Complaint, Polanco, on behalf of herself and others similarly situated, alleges that the Star Career Academy violated the New Jersey Consumer Fraud Act by:

(1) failing to disclose to its students the requirements of the New Jersey Surgical Technologist Law (N.J.S.A. 26:2H-12.63);

(2) failing to disclose that Star Career Academy is not a nationally or regionally accredited program for surgical technology;

3

(3) failing to disclose that Star Career Academy graduates will not be permitted to obtain a surgical technology credential administered by the National Board of Surgical Technology and Surgical Assistant or any other nationally recognized accrediting agency;

(4) failing to disclose that graduates of Star Career Academy's surgical technology program will not be permitted to work in New Jersey as surgical technologists; and

(5) failing to disclose that the Star Career Academy surgical technology program did not otherwise qualify students to practice surgical technology in New Jersey.

14.     Polanco alleges that Star Career Academy engaged in practices that are unconscionable, deceptive, fraudulent, based on false pretenses, false promises, misrepresentations and the "knowing concealment, suppression or omission in their advertising, marketing, selling and distribution of their surgical technology program services."

15.     Polanco requests that the Court certify the litigation as a class action and demands compensatory, statutory, liquidated and/or punitive damages, pre and post judgment interest and the cost of litigation.

16.     Polanco also demands an accounting, at Defendants' expense, of all amounts wrongfully obtained or retained from the class.

## II.     POLICY ISSUED BY PIIC

17.     PIIC issued policy number PHPK717443 to the Culinary Academy of New York, Inc. d/b/a Career Academy of New York, Culinary Academy of New York, Inc. d/b/a Star Career Academy, Culinary Academy of Long Island, Inc. d/b/a Star Career Academy and other named insureds. A true and accurate copy of policy number PHPK717443 is attached hereto as Exhibit "B."

18.     Policy number PHPK717443 was effective from May 9, 2011 to May 9, 2012.

19.     The policy issued by PIIC contains the following relevant provisions:

4

SECTION I-COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

   \*\*\*

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

   \*\*\*

2. **Exclusions**

   This insurance does not apply to:

   a. **Expected Or Intended Injury**

      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

   b. **Contractual Liability**

      "Bodily injury" or "property damage for which the insured is obligated to pay damages by reason of h e assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

      (1) That the insured would have in the absence of the contract or agreement.

5

\*\*\*

**Section V-Definitions**

\*\*\*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*\*\*

The definition of "bodily injury" is amended under the General Liability Deluxe Endorsement (PI-GLD-ES) (01/08) to read as follows:

**N.  Bodily injury – Mental Anguish**

**V – Definitions**, Paragraph 3 is changed to read:

"Bodily Injury":

a. Means bodily injury, sickness or disease sustained by a person, and includes mental anguish resulting from any of these; and

b. Except for mental anguish, includes death resulting from the foregoing (item a. above) at any time.

Under Coverage **B**, PIIC's policy provides:

6

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.

    \*\*\*

Under **Coverage B**, "personal and advertising injury" is defined as follows:

"Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

a.  False arrest, detention or imprisonment;

b.  Malicious prosecution;

c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of the owner, landlord or lessor;

d.  Oral or written publication in any manner of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services:

e.  Oral or written publication, in any manner, of material that violates a person's right to privacy;

f.  The use of another's advertising idea in your "advertisement;" or

g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement."

**EDUCATORS PROFESSIONAL LIABILITY ENDORSEMENT**

**SECTION I-COVERAGE**

Coverage A, of the Commercial General Liability Coverage Form, is extended to provide Professional Liability Coverage, subject to the following:

1.  **INSURING AGREEMENT**

    A)  We will pay those sums that the insured becomes legally obligated to pay as "damages" because of:

   (1) an error or omission as respects technical training;

   (2) an error or omission as respects career counseling, job placements and referrals;

   (3) an error or omission as respects admissions practices; or

   (4) an error or omission in the performance of work or services for others by a student in training;

to which this insurance applies. We will have the right and duty to defend any "suit" seeking these damages." We may at our discretion investigate and settle any claim or "suit."

\*\*\*

2. **Exclusions**

 A) The exclusions included in the Commercial General Liability Coverage form, Coverage A, or made part of that form by endorsement, will also apply to the Professional Liability Coverage. In those exclusions, the terms "bodily injury" or "property damage" are replaced by the term "damages" with respect to the coverage provided by this endorsement.

 B) In addition, Professional Liability Coverage does not apply to "damages" arising out of:

\*\*\*

   4) the performance by any insured of a criminal or fraudulent act.

\*\*\*

   9) any claim, obligation, offense or expense based upon, arising out of, directly or indirectly resulting from or in consequence of audit exceptions, questioned costs or expenditures, administration or the wrongful receipt or usage of any Federal or State funding, including but not limited to,

>>Department of Labor Program Funds and Job Training and Partnership Act funds.

**SECTION V-DEFINITIONS**

The Professional Liability Coverage is subject to SECTION V-DEFINITIONS of the Commercial General Liability Coverage Form.

\*\*\*

>2. The following definition is added:
>
>>"Damages" shall mean money an insured is legally obligated to pay as damages or settlement. But, "damages" shall not include:
>>
>>>1. criminal or civil fines of penalties imposed by law; or
>>>
>>>2. taxes; or
>>>
>>>3. matters deemed uninsurable under the law to which this Policy shall be construed; or
>>>
>>>4. Punitive or exemplary damages or the multiple portion of any damages award.

The Educator Professional Liability endorsement includes the following provision under **Section III – Limits of Insurance**:

\*\*\*

>c. Interrelated errors or omissions or a series of similar or related errors or omissions shall be:
>
>>1. Considered a single "occurrence"; and
>>
>>2. Considered to have occurred only during the policy period or during any prior or subsequent policy period in which the earliest of a series of similar or related errors or omissions, occurred. All resulting claims shall be assigned to only one policy (whether issued by this or any another insurer) and if that is this policy, only one Occurrence Limit shall apply.

20. PIIC has been providing a defense subject to a reservation of rights to Star Career Academy in the underlying litigation.[1]

## COUNT I

### DECLARATORY RELIEF

21. PIIC incorporates herein each and every preceding paragraph of this Declaratory Judgment Complaint as if fully set forth herein.

22. Under the Commercial General Liability Coverage Form (distinct from the Educator's Professional Liability Endorsement) PIIC is not obligated to defend or indemnify Star Career Academy against Polanco's allegations. Polanco does not allege that Star Career Academy is liable for damages because of "bodily injury" or "property damage" caused by an "occurrence" or for damages for "personal and advertising injury."

23. Under the Educator's Professional Liability Endorsement coverage does not apply to allegations of deception and/or fraud.

24. Under the Educator's Professional Liability Endorsement coverage does not apply to allegations of "knowing concealment, suppression or omission in their advertising, marketing, selling and distribution of their surgical technology program services."

25. Under the Educator's Professional Liability Endorsement coverage does not apply to allegations of omissions or concealment under the New Jersey Consumer Fraud Act.

26. Under the Educator's Professional Liability Endorsement coverage does not apply to allegations related to the wrongful receipt or usage of any Federal or State funding.

---

[1] At the request of Star Career Academy, independent counsel has been retained to represent Star Career Academy. PIIC is partially funding the fees charged by independent counsel, Powers, Pyles, Sutter and Verville of Washington, DC and is fully funding the fees of local counsel retained by PIIC, Graham Curtin P.A.

10

27. Under the Educator's Professional Liability Endorsement coverage does not apply to demands for an accounting.

28. PIIC's policy does not provide coverage for punitive or exemplary damages, the multiple portion of damages, criminal or civil fines or penalties or matters deemed uninsurable under applicable law.

**WHEREFORE,** PIIC respectfully requests that this Court enter an Order declaring that:

1. PIIC is not obligated to provide a defense or indemnity to the Star Career Academy, SC Academy Holdings, Inc. or SC Academy, Inc. under the Commercial General Liability Coverage Form;

2. PIIC is not obligated to provide a defense or indemnity to Star Career Academy, SC Academy Holdings, Inc. or SC Academy, Inc. regarding allegations of intentional harm or allegations of breach of contract or warranty;

3. PIIC is not obligated to provide a defense or indemnity to Star Career Academy, SC Academy Holdings, Inc. or SC Academy, Inc. with regard to allegations of criminal or fraudulent acts;

4. PIIC is not obligated to provide a defense or indemnity to Star Career Academy, SC Academy Holdings, Inc. or SC Academy, Inc. with regard to allegations of fraud, false pretenses, false promises, intentional misrepresentation, knowing concealment or suppression of material facts or criminal acts;

5. PIIC is not obligated to provide a defense or indemnity to Star Career Academy, SC Academy Holdings, Inc. or SC Academy, Inc. with regard to allegations of omissions, concealment or failures to disclose material facts under the New Jersey Consumer Fraud Act;

6.  PIIC is not obligated to provide a defense or indemnity to Star Career Academy, SC Academy Holdings, Inc. or SC Academy, Inc. with regard to allegations related to the wrongful receipt or usage of any Federal or State funding.

7.  PIIC is not obligated to provide a defense or indemnity to Star Career Academy, SC Academy Holdings, Inc. or SC Academy, Inc. with regard to demands for an accounting.

8.  PIIC's policy does not provide coverage for criminal or civil fines or penalties, punitive or exemplary damages, the multiple portion of any damage award or matters deemed uninsurable under applicable law.

**SWEENEY & SHEEHAN**

BY: _____
Guy Mercogliano
Matthew Stool
Attorneys for Plaintiff,
Philadelphia Indemnity Insurance Company

DATED: May 30, 2014

Identification Nos. 39766/75866
Sentry Office Plaza
216 Haddon Avenue
Westmont, New Jersey 08108
Telephone: (856) 869-5600
Facsimile: (856) 869-5605
guy.mercogliano@sweeneyfirm.com
matthew.stool@sweeneyfirm.com