# EXHIBIT "A"

Patricia V. Pierce, Esquire
Thomas More Marrone, Esquire
GREENBLATT PIERCE ENGLE
FUNT & FLORES, LLC
123 South Broad Street, 25th Floor
Philadelphia, Pennsylvania 19109
t. 215-735-1600  f. 215-735-1660                    *Attorneys for Plaintiff*

| | |
|---|---|
| **SHIRLEY POLANCO**, individually and on behalf of all others similarly situated | : |
| | : |
| 116 Putnam Street | : |
| Patterson, New Jersey 07524 | : |
| | : |
| Plaintiff | : |
| v. | : |
| | : |
| **STAR CAREER ACADEMY and** | : |
| **SC ACADEMY HOLDINGS, INC. and** | : |
| **SC ACADEMY, INC** | : |
| | : |
| Centennial Center, Suite 105 | : |
| 175 Cross Keys Road | : |
| Berlin, New Jersey, 08009-9008 | : |
| | : |
| Defendants | : |

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION

CAMDEN COUNTY

DOCKET NO: CAM-L-415-13

CLASS ACTION

**FIRST AMENDED COMPLAINT
WITH JURY TRIAL DEMAND***

## INTRODUCTION

1.      This is a proposed Consumer Fraud class action against a for-profit school.
Defendant Star Career Academy ("SCA") failed to disclose to its Surgical Technology students
that the SCA Surgical Technology Program was not, and is not, a nationally or regionally
accredited educational program for surgical technologists. As a result, with very few exceptions
under New Jersey law SCA students are not permitted to obtain employment as Surgical
Technologists in the State of New Jersey. Plaintiff and her fellow students wasted precious time
and money pursuing an education at SCA, and many obligated themselves to student loans which
they must repay, despite their unemployability as Surgical Technologists. As explained below,

---

* Plaintiff files this First Amended complaint with the Defendant's written consent.

SCA's misconduct violates New Jersey's Consumer Fraud Act, and obligates Star Career Academy to pay damages to Plaintiff and the class members.

PARTIES

2.     Plaintiff Shirley Polanco is an adult individual who resides at 116 Putnam Street, Patterson, New Jersey 07524.

3.     The Defendants, each of which is a corporation conducting business at Centennial Center, Suite 105, 175 Cross Keys Road, Berlin, New Jersey, 08009-9008, are Star Career Academy ("SCA"), SC Academy Holdings, Inc. ("SCAH"), and SC Academy, Inc. ("SCAI").

4.     At all material times, each defendant, its employees, its subsidiaries, affiliates, and other related entities, as well as the employees of those subsidiaries, affiliates, and other related entities, were each other's agents, servants and/or employees, who at all material times were acting within the scope of their agency, service and/or employment, and each defendant acted by, on behalf of, and though the other defendants.

FACTS

5.     At all material times SCA has been, and is, a for-profit school with various campuses in the State of New Jersey, including Clifton, New Jersey.

6.     At all material times SCA offered a Surgical Technology Program (sometimes also referred to as a Surgical Technician Program or Surgical Tech Program) which, in SCA's words as posted on its website and as advertised in its brochures was "designed to give students the necessary knowledge and skills to gain employment as a surgical technician".

7.     Effective December 20, 2011, pursuant to N.J.S.A. 26:2H-12.63 (part of the "New Jersey Surgical Technologist Law"), persons working as Surgical Technologists in New Jersey Healthcare Facilities must meet one of the following requirements:

2

a. have successfully completed a nationally or regionally accredited educational program for surgical technologists;

b. holds and maintains a certified surgical technologist credential administered by the National Board of Surgical Technology and Surgical Assisting or its successor other nationally recognized credentialing organization;

c. have completed an appropriate training program for surgical technology in the Army, Navy, Air Force, Marine Corp, or Coast Guard of the United States or in the United States Public Health Service Commissioned Corps;

d. be employed as a surgical technologist in a healthcare facility as of December 20, 2011; or

e. be in the service of the Federal Government to the extent that the individual is performing surgical technology duties related to that service.

8.    Under N.J.S.A. 26:2H-12.64, as of December 20, 2011 "[a] health care facility shall not employ or otherwise contract for the services of a surgical technologist unless the person employed or contracted meets the requirements of [N.J.S.A. 26:2H-12.63]."

9.    In July 2011, Plaintiff Polanco enrolled in the Surgical Technology Program SCA offered at its Clifton campus.

10.    SCA charged Plaintiff tuition of $18,213.00, which she paid in full. In order to do so, Plaintiff took out school loans which imposed repayment obligations with interest. Page 1 of Plaintiff's "Star Career Academy New Jersey Enrollment Agreement" is attached hereto as Exhibit "A". Plaintiff does not possess a copy of page 2 of the Agreement.

11.    Plaintiff attended and completed classes in SCA's Surgical Technology Program until August 2012, and thereafter participated in an unpaid externship. Plaintiff has completed SCA's Surgical Technology Program.

3

12.     SCA did not disclose to Plaintiff or any other Surgical Technology Program student:

>   (a) the requirements and consequences of New Jersey's Surgical Technologist Law, N.J.S.A. 26.2H-12.62 *et seq.*;
>
>   (b) that SCA was not a nationally or regionally accredited educational program for surgical technologists within the meaning of the Surgical Technologist Law;
>
>   (c) that SCA's Surgical Technology Program graduates would not be permitted to obtain a surgical technologist credential administered by the National Board of Surgical Technology and Surgical Assisting or its successor, or other nationally recognized credentialing organization;
>
>   (d) that because the SCA Surgical Technology Program did not comply with the Surgical Technologists Law, SCA Surgical Technology Program graduates would not be permitted to be employed in the State of New Jersey as Surgical Technologists, under the terms of the Surgical Technologist Law; and
>
>   (e) that SCA's Surgical Technology Program did not otherwise qualify Plaintiff and other students to practice surgical technology upon completion of the Program.

## CLASS ACTION ALLEGATIONS

13.     Plaintiff incorporates herein by reference all other allegations of this Complaint.

14.     Plaintiff brings this class action under the New Jersey Consumer Fraud Act, N.J.S.A 56:8-1 *et seq.*, on behalf of all individuals who were enrolled in SCA's Surgical Technology Program for surgical technician training to take place in the State of New Jersey as of June 29, 2011 and thereafter (the "Class Period").

15.     There are questions of law and fact common to the members of the proposed

class, and the class members' claims are based on the same facts and legal theories. Those facts and theories include, among other things, whether SCA failed to disclose to its students SCA's unaccredited status and the effect of that status, and whether SCA has violated the New Jersey Consumer Fraud Act.

16.     The claims of the representative plaintiff are typical of the claims of the proposed class.

17.     Plaintiff will fairly and adequately protect the interests of the proposed class.

18.     Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed class, which would establish incompatible standards of conduct for Defendant.

19.     Prosecution of separate actions by individual members of the proposed class would create a risk of adjudications with respect to individual members of the proposed class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications.

20.     Defendants here acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the proposed class as a whole.

21.     Questions of law and fact common to the members of the proposed class predominate over any questions affecting only individual members.

22.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

23.     The individual members of the proposed class do not have an interest in individually controlling the prosecution of separate actions, because the cost to litigate a case individually would far outweigh any expected individual benefit or recovery.

5

24.     Upon information and belief, Plaintiffs alleges that there is no other litigation concerning this subject matter or claim set forth in this Complaint.

25.     Concentrating this litigation in one forum is desirable, because it will conserve judicial resources and provide for an expedient and efficient resolution of the claims.

26.     The proposed class action does not present any extraordinary or unusual difficulties affecting its management as a class action.

27.     The proposed class is so numerous that joinder of all members is impracticable. Plaintiffs estimate that there are at least one hundred current and former SCA students who were enrolled or enrolled in SCA's Surgical Technology Program during the Class Period.

## COUNT ONE

### Violations of the New Jersey Consumer Fraud Act

28.     Plaintiff incorporates herein by reference all other allegations of this Complaint.

29.     At all material times, each Defendant was and is a "person" as defined by N.J.S.A. 56:8-1(d).

30.     At all relevant times, Defendant SCA's Surgical Technology Program constituted "merchandise" as defined by N.J.S.A 56:8-1(c).

31.     N.J.S.A. 56:8-2 provides that "[t]he Act, use or employment by any person of any unconscionable practice, deception, fraud, false pretense, false promise, misrepresentation or the knowing concealment, suppression, or omission of material fact with the intent that others rely upon such concealment, suppression or omission. . . is declared to be an unlawful practice. . . ."

32.     During the Class Period, Defendant SCA uniformly did not disclose to Plaintiff and all other SCA Surgical Technology Program students:

(a)   the requirements and consequences of New

6

Jersey's Surgical Technologist Law, N.J.S.A. 26.2H-12.62 *et seq.*;

(b) that SCA was not a nationally or regionally accredited educational program for surgical technologists within the meaning of the Surgical Technologist Law;

(c) that SCA's Surgical Technology Program graduates would not be permitted to obtain a surgical technologist credential administered by the National Board of Surgical Technology and Surgical Assisting or its successor, or other nationally recognized credentialing organization;

(d) that because the SCA Surgical Technology Program did not comply with the Surgical Technologists Law, SCA Surgical Technology Program graduates would not be permitted to be employed in the State of New Jersey as Surgical Technologists, under the terms of the Surgical Technologist Law; and

(e) that SCA's surgical technology program did not otherwise qualify Plaintiff and other SCA students to practice surgical technology upon completion of the Program.

33.    Defendant SCA has therefore engaged in practices which are unconscionable, deceptive, and fraudulent, and which are based on false pretenses, false promises, misrepresentations, and the knowing concealment, suppression, or omission in their advertising, marketing, selling, and distribution of their surgical technology program services. Therefore, SCA has violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*

34.    As a direct and proximate result of SCA's improper conduct, Plaintiff and all other members of the class have suffered damages and ascertainable losses of money, including tuition costs, loan costs, and other ascertainable economic harm.

7

## DEMAND FOR RELIEF

35.   Plaintiff, individually and on behalf of all others similarly situated, demands the
following relief from Defendants:

> (a)   certifying this action as a class action with Plaintiff as the representative of the class;
>
> (b)   appointing Plaintiff and her counsel to represent the class members;
>
> (c)   declaring that Defendants' conduct was and is unlawful under the New Jersey Consumer Fraud Act;
>
> (d)   awarding an accounting, at Defendants' expense, of all amounts wrongfully obtained and/or retained from members of the class;
>
> (e)   awarding compensatory, liquidated, statutory and/or punitive damages under the New Jersey Consumer Fraud Act;
>
> (f)   awarding prejudgment and post-judgment interest;
>
> (g)   awarding costs and expenses of this action together with reasonable attorney's fees; and
>
> (h)   awarding such other and further relief as is available under the law.

## NOTICE TO ATTORNEY GENERAL

36.   A copy of the original Complaint in this case was mailed to the Attorney General
of the State of New Jersey within 10 days of filing pursuant to N.J.S.A 56:8-20.

## JURY DEMAND

37.   Plaintiff demands trial by a jury on all of the triable issues of this Complaint,
pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)

38.   Plaintiff hereby demands, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each
party herein serving pleadings, interrogatories or any other discovery requests and receiving

8

answers thereto, serve copies of all such pleadings, interrogatories and other discovery requests and all answers thereto received from any and all parties, including any documents, papers and other materials referred to therein, upon the undersigned attorney.   This notice is a continuing demand.

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)

39.    Plaintiff hereby certifies that the dispute about which she is suing is not currently the subject of any other action pending in any other court or a pending arbitration proceeding, nor is any other action contemplated at this time.  Plaintiff further certifies that no other parties should be made part of this lawsuit.

## DESIGNATION OF TRIAL COUNSEL

40.    Patricia V. Pierce, Esquire and Thomas More Marrone, Esquire are hereby designated as trial counsel for Plaintiff, Shirley Polanco.

GREENBLATT PIERCE ENGLE
FUNT & FLORES, LLC

Patricia V. Pierce, Esquire
Thomas More Marrone, Esquire
*Attorneys for Plaintiff*

Patricia V. Pierce, Esquire
Thomas More Marrone, Esquire
GREENBLATT PIERCE ENGLE
FUNT & FLORES, LLC
123 South Broad Street, 25th Floor
Philadelphia, Pennsylvania 19109
t. 215-735-1600  f. 215-735-1660

*Attorneys for Plaintiff*

---

SHIRLEY POLANCO, individually and
on behalf of all others similarly situated            :

116 Putnam Street                                     :
Patterson, New Jersey 07524                           :

            Plaintiff                                 :

               v.                                     :

STAR CAREER ACADEMY and                               :
SC ACADEMY HOLDINGS, INC. and                         :
SC ACADEMY, INC                                       :

Centennial Center, Suite 105                          :
175 Cross Keys Road                                   :
Berlin, New Jersey, 08009-9008                        :

            Defendants                                :

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION

CAMDEN COUNTY

DOCKET NO: CAM-L-415-13

CLASS ACTION

PROOF OF SERVICE

---

I, Thomas More Marrone, do hereby certify that the foregoing Plaintiff's document was

served this date upon the following counsel of record via electronic mail:

Clerk, Superior Court of New Jersey
Camden County Hall of Justice
101 S. 5th Street
Camden, NJ 08103
Via First Class Mail

David M. Blackwell, Esquire
Christopher Carey, Esquire
William D. Tully, Jr., Esquire
Graham Curtin
4 Headquarters Plaza
P.O. Box 1991
Morristown, NJ 07962-1991
Via Email and First Class Mail

Larry S. Gondelman, Esquire
Sherry Mastrostefano Gray, Esquire
Brandi Taylor, Esquire
Powers Pyles Sutter & Verville PC
1501 M Street, NW, Seventh Floor
Washington, DC 20005
Via Email and First Class Mail

GREENBLATT PIERCE ENGLE
FUNT & FLORES, LLC

DATED: December 6, 2013

Thomas More Marrone, Esquire
*Attorney for Plaintiff*